IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 13-00346 (ESL) |
| FELIX A. RIVERA LUGO<br>RAMONITA RIVERA RIVERA | CHAPTER 11 |
|    Debtors | |
| VICTOR SANTIAGO ORTIZ; VICTOR<br>JOEL SANTIAGO CABRERA; EULOGIO<br>BATISTA MELENDEZ; JANELIS<br>BATISTA RIVERA; WILFREDO ROSAS<br>LEBRON; BLANCA ROSA ROSAS | ADV. PROC. NO. 13-00119 (ESL) |
|    Plaintiffs | |
|     vs. | |
| FELIX A. RIVERA LUGO<br>RAMONITA RIVERA RIVERA | |
|    Defendants | |

OPINION AND ORDER

This case is before the court upon the *Motion Requesting Leave to Join Complaint* (the "*Motion for Joinder*", Docket No. 8) filed by creditor Desarrollos Acuarios, Corp. ("Desarrollos Acuarios") seeking to join the instant case as a plaintiff under Fed. R. Civ. P. 20(a)(1), applicable in bankruptcy proceeding through Fed. R. Bankr. P. 7020, arguing that it has similar claims and objections to the discharge of the debtors as the ones alleged by the Plaintiffs in their *Complaint*. For the reasons stated below, the *Motion for Joinder* is hereby denied.

Procedural Background

On January 18, 2013, the Debtors filed a voluntary Chapter 11 bankruptcy petition with its corresponding schedules (Lead Case Docket No. 1).

On January 24, 2013, a *Notice to Creditors* (Lead Case Docket. No. 6) was entered scheduling the meeting of creditors for February 25, 2013 and establishing the deadline to file a complaint to contest dischargeability for April 26, 2013.

-1-

On February 25, 2013, the meeting of creditors was held and closed (Lead Case Docket No. 24).

On April 26, 2013, creditors Víctor Santiago Ortiz, Víctor Joel Santiago Cabrera, Eulogio Batista Meléndez, Janelis Batista Meléndez, Wilfredo Rosas Lebrón, Blanca Rosa Rosas (the Plaintiffs in the instant adversary proceeding) and Desarrollos Acuarios filed a joint *Motion Requesting Extension of Time Pursuant Rule 4007*[1] through their respective attorneys requesting a thirty (30) day extension of time, until Monday, May 27, 2013[2], to file the dischargeability complaint under Section 523 of the Bankruptcy Code (Lead Case Docket No. 39).  On May 8, 2013, the court granted the extension as requested (Lead Case Docket No. 42).

On June 7, 2013, the Plaintiffs filed the instant *Complaint* (Docket No. 1) alleging that the Debtor's debts with them are not dischargeable under Sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code because they constitute willful and malicious injury through false and fraudulent pretenses and representations.  Dessarrollos Acuarios did not file any complaint. Instead, on June 11, 2013, creditor Desarollos Acuarios filed a *Motion Requesting Leave to Join Complaint* (Lead Case Docket No. 57) averring that it holds similar claims and objections to the dischargeability of debt as the ones alleged by the Plaintiffs and therefore should be allowed to join their *Complaint* pursuant to Fed. R. Bankr. P. 7020 and Fed. R. Civ. P. 20.  On June 14, 2013, the *Motion* was denied without prejudice to making the request within the adversary proceeding (Lead Case Docket No. 58).

On June 20, 2013, creditor Desarrollos Acuarios filed the *Motion for Joinder* in the instant adversary proceeding restating that it holds similar claims[3] and objections to the dischargeability of the Debtors as alleged by the Plaintiffs and therefore should be allowed to join their *Complaint* pursuant to Fed. R. Bankr. P. 7020 and Fed. R. Civ. P. 20.

---

[1] Creditors Juan Francisco Fuentres Fraile, Mónica Pérez and Mistic Homes, Inc. also appeared as creditors in said *Motion Requesting Extension of Time Pursuant Rule 4007*.  Notwithstanding, they do not figure as plaintiffs or defendants in the instant adversary proceeding nor have they filed a separate adversary proceeding to contest the dischargeability of their debts.

[2] See footnote no. 7, *infra*.

[3] As of August 26, 2013, the claims filed by the Plaintiffs and Desarrollos Acuarios had been objected by the Debtors.  See Lead Case Docket Nos. 87, 88, 89 and 90.

On July 26, 2013, the Defendants filed an *Opposition to Motion [for Joinder]* (Docket No. 12) arguing that Desarrollos Acuarios had failed to comply with Fed. R. Civ. P. 20(a) since it contains different issues of law and fact from the Plaintiffs' *Complaint*. The Defendants also argue that Desarrollos Acuarios' *Motion* is untimely pursuant to Fed. R. Bankr. P. 4007(c).

On July 29, 2013, Desarrollos Acuarios filed a *Motion Requesting Leave and Extension of Time to File Reply to Opposition to Motion [for Joinder]* (Docket No. 13) alleging that the Defendants' *Opposition* was based on an incorrect legal interpretation of Fed. R. Civ. P. 20(a) and requested until August 5, 2013 to file a reply. The court granted the extension of time on July 30, 2013 (Docket No. 15).

On August 5, 2013, Desarrollos Acuarios filed a *Reply to Defendants' Opposition to Motion [for Joinder]* (Docket No. 18) insisting that its *Motion for Joinder* complies with Fed. R. Civ. P. 20 because its causes of actions stem from the same transaction and occurrence as the causes of action brought by the Plaintiffs and that it was timely filed.

No further replies or briefs were filed.

Jurisdiction

The court has jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(B) and (I).

Legal Analysis and Discussion

*(A)    Motions for Joinder*

Fed. R. Bankr. P. 7020 makes Fed. R. Civ. P. 20 applicable to bankruptcy proceedings. "The central purpose of [Fed. R. Civ. P.] 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." Saunders v. Shaw, 2011 U.S. Dist. LEXIS 53779 at *2, 2011 WL 1931319 at *1 (M.D. Fla. 2011), quoting Alexander v. Fulton County, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003).

Fed. R. Civ. P. 20(a)(1) governs the permissive joinder of parties as plaintiffs as follows:

(1)     Persons may join in one action as plaintiffs if:

(A)     they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B)     any question of law or fact common to all plaintiffs will arise in the action.

Thus, "[p]laintiffs may be joined together in a single action [under Fed. R. Civ. P. 20(a)(1)] if they can assert a joint right to relief arising out of the same transaction or occurrence, and if there is any question of law or fact common to all plaintiffs." Contawe v. Crescent Heights of Am., Inc., 2005 U.S. Dist. LEXIS 11557 at **5-6 (E.D. Pa. 2005)[4]. "It is important to note the joinder provided by [Fed. R. Civ. P.] 20 is permissive, not mandatory." Rodgers v. Target Corp., 2012 U.S. Dist. LEXIS 141012 at *8, 2012 WL 4482422 at *3 (W.D. La. 2012)

Courts consider two requirements to rule on motions for joinder under Fed. R. Civ. P. 20(a)(1): (1) the right to relief asserted by each plaintiff must arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all plaintiffs will arise in the action. See Maldonado Cordero v. AT&T, 190 F.R.D. 26, 28 (D.P.R. 1999); Don King Prods., Inc. v. Colon-Rosario, 561 F. Supp. 2d 189, 191 (D.P.R. 2008). Fed. R. Civ. P. 20(a) is liberally construed in order to promote the broadest scope of action consistent with fairness to the parties. See Matthews Metals Products, Inc. v. RBM Precision Metal Products, Inc., 186 F.R.D. 581, 583 (N.D. Cal. 1999). citing League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "There is not, as of yet, a clearly established rule in the First Circuit as to what constitutes the same 'transaction or occurrence' for purposes of joinder under [Fed. R. Civ. P.] 20(a)." SBO Pictures v. Does 1-41, 2012 U.S. Dist. LEXIS 159536 at **6-7, 2012 WL 5464182 at *3 (D. Ma. 2012). In Third Degree Films v. Does 1-47, 286 F.R.D. 188, 194 (D. Mass. 2012), the US District Court for the District of Massachusetts applied the "logical relationship" test adopted by the

---

[4] The court could not find the Westlaw citation for this case.

-4-

Federal Circuit in a recent patent infringement case, In re EMC Corp., 677 F.3d 1351, 1358 (Fed. Cir. 2012). Under that test, individual claims are deemed to have met the "same transaction or occurrence" requirement of Fed. R. Civ. P. 20(a) where "the defendants' alleged infringing acts, which give rise to the individual claims of infringement, … share an aggregate of operative facts." Id., quoting In re EMC Corp., 677 F.3d at 1358 (emphasis omitted).

Notwithstanding, Fed. R. Civ. P. 20 "deals solely with **joinder of parties** and becomes relevant only when there is more than one party on one or both sides of the action." Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d, Vol. 7, § 1655 (2013) (emphasis added). It then follows that only a person or entity that is already a party in a case may make a motion for joinder. See Arrow v. Gambler's Supply Inc., 55 F.3d 407, 409 (8th Cir.1995); Thompson v. Boggs, 33 F.3d 847, 858 n. 10 (7th Cir.1994) cert. denied 514 U.S. 1063 (1995) (noting the lack of any precedent granting a non-party's motion for joinder). Thus, "[a] nonparty cannot on its own motion join as a party under [Fed. Rs. Civ. P.] 19 or 20". Premier Foods of Bruton, Inc. v. City of Orlando, 192 F.R.D. 310, 312 (M.D. Fla. 2000). Also see Hubner v. Schoonmaker, 1990 U.S. Dist. LEXIS 13035 at *13, 1990 WL 149207 at *4 (E.D. Pa. 1990) ("If an existing party is seeking to bring in an outsider the court should apply the joinder provisions of [Fed. Rs. Civ. P.] 19 and 20; if the outsider is seeking to enter the suit of his own accord, the court should apply the intervention provisions set forth in [Fed. R. Civ. P.] 24.")

In the instant adversary proceeding, Desarollos Acuarios is not a plaintiff or a defendant: it is simply a non-party who seeks to be included as a plaintiff and piggyback on the Plaintiffs' prayers for relief. As a non-party, the remedies afforded in Fed. R. Civ. P. 20 are not applicable to it.

*(B)     Untimeliness of Desarrollos Acuarios' Motion for Joinder*

The Defendants allege that Desarrollos Acuarios' *Motion for Joinder* is untimely under Fed. R. Bankr. P. 4007(c) because it was filed on June 20, 2013, that is, 24 days after the

extended deadline granted by the court[5]. See Docket No. 12, pp. 4-5, and Lead Case Docket Nos. 39 and 42. Desarrollos Acuarios seems to imply that because it had filed a motion for joinder in the lead bankruptcy case (Lead Case Docket No. 57), the court "retained discretion to control and/or issued [*sic*] any order it deems proper" (Docket No. 18, p. 8).

Fed. R. Bankr. P. 4007(c) reads as follows:

> Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007 addresses the dischargeability of particular debts under Section 523 of the Bankruptcy Code. See Delgado v. Fernández Rosado (In re Fernández Rosado), 2009 Bankr. LEXIS 2693 at *14 (Bankr. D.P.R. 2009)[6]. "There is almost universal agreement that the provisions of Fed. R. Bankr. P. 4007(c) are mandatory and do not allow the court any discretion to grant a late filed motion to extend time to file a dischargeability complaint". Id., at **6-7, citing In re Alton, 837 F. 2d 457, 459 (11th Cir. 1988) and In re Maher, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985). Thus, Fed. R. Bankr. P. 4007(c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt. In re Fernández Rosado, 2009 Bankr. LEXIS 2693 at *7; Lure Launchers, LLC v. Spino, 306 B.R. 718, 721 (B.A.P. 1st Cir. 2004); Vazquez v. Cruz (In re Cruz), 323 B.R. 827, 831 (Bankr. D.P.R. 2005); Hecht v. Hatch (In re Hatch), 175 B.R. 429, 434 (Bankr. D. Mass. 1994); In re Gray, 156 B.R. 707, 710 (Bankr. D. Me. 1993).

"Absent (1) an express finding that all creditors of the particular debtor need an extension, and (2) that this universal extension is based on some 'cause' by which all creditors in general have a need for an extension of time, the language of [Fed. R. Bankr. P.] 4007(c)

---

[5] See footnote no. 7, *infra*.
[6] The court could not find the Westlaw citation for this case.

does not appear to permit the bankruptcy court to grant an extension to nonmoving parties.  In addition, the moving creditors motions cannot reasonably be interpreted as requesting a general extension."  In re Fernández Rosado, 2009 Bankr. LEXIS 2693 at **10-11, citing Burger King Corporation v. B-K of Kansas, Inc.; 73 B.R. 671, 674 (D. Kan. 1987); In re McCord, 184 B.R. 522, 524 (Bankr. E.D. Mich. 1995); In re Floyd, 37 B.R. 890, 893 (Bankr. N.D. Tex. 1984); In re Overmyer, 24 B.R. 437 (Bankr. S.D. N.Y. 1982).  "Consequently, if a creditor and/or the U.S. Trustee has obtained an extension of time to file a complaint objecting to the discharge, a creditor that has not obtained a similar extension cannot file such complaint."  In re Fernández Rosado, 2009 Bankr. LEXIS 2693 at *11.  In short, a party cannot piggyback on another party's extension of time under Fed. R. Bankr. P. 4007(c).  Also see In re Zyndorf, 44 B.R. 77, 78 (Bankr. N.D. Ohio 1984) ("creditor had 60 days following the first date set for the meeting of creditors to file an objection to the debtors' discharge and/or to join as a party plaintiff. Since the creditor failed to meet the deadline ... he is denied joining plaintiffs under [Fed. R. Civ. P.] 20"); In re Donovan, 411 B. R. 756, 760 (Bankr.S.D.Fla.2009) ("[a] movant is deemed to have waived his right to seek intervention by failing to meet the time deadlines as specified in [Fed. R. Bankr. P.] 4007(c)"); Alan N. Resnick & Henry J. Sommer, 9 Collier on Bankruptcy ¶ 4007.01[1][a] (16th ed. 2013) ("[o]nce [a] deadline has passed, a creditor may not evade it by seeking to inject the issue into an ongoing adversary proceeding or by seeking to intervene in another creditor's dischargeability proceeding"); City of Chicago v. Wexler (In re Wexler), 477 B.R. 709, 713 (Bankr. N.D. Ill. 2012) ("bankruptcy courts have uniformly rebuffed late efforts to intervene in an adversary proceeding objecting to a debtor's discharge").

In the instant case, on April 26, 2013, the Plaintiffs and Desarrollos Acuarios initially requested a 30-day extension of time to challenge the dischargeability of their debts through an adversary proceeding to end 30 days thereafter, that is, on Monday, May 27, 2013[7].  See Lead

---

[7] The court is cognizant that the notes/references that appear on the cover of the Lead Case Docket state that the deadline for objecting to discharge was June 7, 2013.  But because Desarrollos Acuarios' first motions for joinder was filed even after that deadline, to wit, June 11, 2013 (Lead Case Docket No. 57), the court finds that the *Motion for Joinder* (Docket No. 8) is untimely without ruling, at this juncture, as to the timeliness of the instant adversary proceeding.

Case Docket Nos. 39 and 42.  Desarrollos Acuarios did not file an adversary proceeding within that deadline.  Instead, on June 11, 2013, it filed an *Motion Requesting Leave to Join [the Plaintiffs'] Complaint* in the lead bankruptcy case, not in the instant adversary proceeding (Lead Case Docket No. 57), which the court denied on June 14, 2013 "[w]ithout prejudice to making the request within the adversary proceeding" (Lead Case Docket No. 58).  Contrary to Desarrollos Acuarios' implication, the court's denial without prejudice to making the request in the appropriate case did not imply that such request was timely.  Therefore, the *Motion for Joinder* (Docket No. 8) is untimely under Fed. R. Bankr. P. 4007(c).

Conclusion

In view of the foregoing, the court hereby denies Desarrollos Acuarios' *Motion for Joinder* as Fed. R. Civ. P. 20 is inapposite, and because the request is untimely.

SO ORDERED.

In San Juan, Puerto Rico, this 18th day of September, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge